UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**STEVEN PONCE,**

           **Plaintiff,**

       **-v-**          **9:13-CV-274 (NAM/TWD)**

**VENKATA MANAVA, DR. RAMINENI,
K. WILLIAMS,**

           **Defendants.**

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:

Steven Ponce
37-70 104th Street
Apt. 1 Floor
Corona, New York 11368
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Justin L. Engel, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff, formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision, brought this action under 42 U.S.C. § 1983, claiming in his amended complaint (Dkt. No. 13) that defendants violated his constitutional rights by failing to provide him with adequate medical care at Mid-State Correctional Facility. Defendants moved for summary judgment (Dkt. No. 54). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Thérèse Wiley Dancks issued a Report and Recommendation (Dkt. No. 71) recommending that summary judgment be granted in its entirety.

The Court adopts Magistrate Judge Dancks' summary of the facts and applicable law, and does not repeat them here.

Plaintiff has submitted an objection (Dkt. No. 73), focusing almost exclusively on Magistrate Judge Dancks' recommendation regarding the diagnosis and treatment of his right wrist injury. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts *de novo* review of the issue. Reading plaintiff's submissions, including his objection, most liberally and interpreting them to raise the strongest arguments that they suggest, *see McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), the Court agrees with Magistrate Judge Dancks that, in connection with his wrist injury, plaintiff states at most a claim of negligence in diagnosing and/or treating the injury. It is well established that "[m]edical malpractice does not become a constitutional violation merely because the victim [was] a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, "to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* Plaintiff makes no such showing. The Court adopts Magistrate Judge Dancks's Report-Recommendation and Order recommending dismissal of this claim.

Plaintiff's amended complaint also complains of defendants' treatment of his right knee and back pain. Reading plaintiff's *pro se* submissions with all the deference to which they are entitled, the Court finds on *de novo* review that plaintiff's complaints regarding his right knee amount to no more than a disagreement with his health care providers regarding the proper treatment. Such disagreement is not enough to resist summary judgment. Nor, upon *de novo* review, does the Court find evidence in the record from which a reasonable fact finder could conclude that plaintiff's back pain constituted a serious medical condition. The Court adopts the

Report-Recommendation and Order in this regard as well.

It is therefore

ORDERED that the Report-Recommendation and Order of United States Magistrate Judge Thérèse Wiley Dancks (Dkt. No. 71) is accepted; and it is further

ORDERED that defendants' motion for summary judgment (Dkt. No. 54) is granted; and it is further

ORDERED that the action is dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order upon plaintiff by certified mail, return receipt requested.

IT IS SO ORDERED.

March 26, 2015
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge